IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CAMPBELL,

                Plaintiff,

vs.                                                  Case No. 21-3092-SAC

EVAN HITCHCOCK, et al.,

                Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging claims arising from his incarceration at the Lansing Correctional Facility (LCF). Plaintiff brings this case pursuant to 42 U.S.C. § 1983 and Kansas law.[1]

The complaint names the following defendants: Evan Hitchcock,[2] Rachel Hollingshead, Aramark Food Services, Shannon Meyer, Douglas Burris, and the Kansas Department of Corrections. Plaintiff filed this case in the state district court for Leavenworth County, Kansas. It was removed to this court by defendants Hitchcock, Hollingshead, and Aramark. These defendants have been served with process, have entered an appearance, and

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."
[2] This appears to be the correct spelling. The name is spelled "Hitchock" in the complaint.

1

have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).[3] Doc. No. 9.  Defendant Shannon Meyer has also entered an appearance and recently joined in the other defendants' motion to dismiss. Doc. No. 12.  This case is before the court upon the motion to dismiss and for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening and Rule 12(b)(6) standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  But, a pro se litigant is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

---

[3] Aramark entered an appearance as "Aramark Correctional Services, LLC."

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. Plaintiff's complaint

Plaintiff alleges that defendants have "deprived him of liberty and violated his 8th Amendment rights . . . as well as his rights afforded him by the Kansas Bill of Rights." Doc. No. 3, p. 1 of state court complaint. The complaint also suggests that Aramark has violated its food service contract with the KDOC and that plaintiff is a third-party beneficiary of that contract.

According to the complaint, Aramark serves LCF inmates in excess of 5 bags of potato chips a week and that at least one meal a day uses noodles or rice as a major dietary component. Exhibits to the complaint indicate that the chips have been served as substitutes for French fries on some occasions. It is not clear how often this has occurred.

Plaintiff claims that the starch and sodium in the diet served at LCF have caused him to develop high blood pressure and to be at high risk for diabetes. Plaintiff further complains that in August 2020, after plaintiff filed a grievance, Aramark served potato chips that were ten days beyond the best buy date. The complaint states that Aramark continued to serve "expired" bags of chips and that on October 17, 2020, after LCF was placed on lockdown because of a staff shortage, a meal was served at room temperature. There

4

is no indication in the complaint that medical authorities have placed plaintiff on a low-sodium diet or that plaintiff's high blood pressure has been caused by his diet at LCF.

Plaintiff has filed affidavits from some inmates who state that they have high blood pressure which developed during their incarceration with KDOC.  Plaintiff has also supplied copies of grievances he has filed.  These grievances do not allege a constitutional violation.  They claim that Aramark has violated its food service contract with KDOC.

For relief, plaintiff requests:  a 50% share of bonus payments to Aramark supervisors; zero taxation of services provided to plaintiff, including canteen purchases; no taxation upon plaintiff's wages; and as an alternative, release from prison.

Defendants Hitchcock and Hollingshead are listed as Aramark supervisors or employees.  Defendant Shannon Meyer is the Warden at LCF and defendant Burris is a KDOC official.  Defendant Meyer and defendant Burris have reviewed and denied plaintiff's grievances.

III. Plaintiff has not stated a plausible federal claim.

This order shall focus upon plaintiff's federal law claims which are those arising under § 1983 or habeas corpus provisions.[4]

---

[4] Plaintiff also cites 42 U.S.C. § 1997 but does not explain how this statute provides a cause of action under plaintiff's allegations.  Section 1997e concerns lawsuits by prisoners, but it does not offer grounds for recovery upon the charges contained in the complaint.

5

The court has reviewed plaintiff's allegations and is convinced that plaintiff has failed to state a plausible claim under federal law.

Plaintiff may bring a claim under § 1983 for an Eighth Amendment violation, but plaintiff's allegations fall far short of stating such a claim.[5] The Eighth Amendment prohibits "cruel and unusual punishment." It imposes a duty to provide "humane conditions of confinement" and to ensure "that inmates receive adequate food, clothing, shelter, and medical care, and . . . [that] 'reasonable measures [be taken] to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). In general, inmates are entitled to nutritionally adequate food prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it. Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980). Two requirements must be met for an Eighth Amendment violation: first, the act or omission must be objectively considered a denial of "'the minimal measure of life's necessities'"; and second, the action must be taken with a deliberate indifference to an inmate's health or safety. Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

---

[5] The complaint does not allege what other constitutional protection applies to the denial of "liberty" described in the complaint.

As to the first requirement, serving salty chips, even ones past their "best by" date, and serving a lukewarm meal, cannot be plausibly considered by a reasonable person as denying life's necessities, cruel and unusual, inhumane, or an immediate threat to health and well-being.  See Sorrells v. Hickman, 2006 WL 2253082 *18 (W.D.Ark. 8/7/2006)(no Eighth Amendment violation by serving food with too much starch and sodium where plaintiff had not been placed on low-sodium diet); Blau v. Fortescue, 2019 WL 2612932 *4 (E.D.Mich. 6/26/2019)(the occasional uncooked meal or spoiled dish does not rise to a constitutional violation).  Furthermore, plaintiff does not allege facts showing that defendants were aware of plaintiff's high blood pressure or aware that that serving chips as described in the complaint and a lukewarm meal would threaten plaintiff's health and well-being.  Therefore, the second element of an Eighth Amendment claim is not satisfied by the allegations in the complaint.  See Boles v. Aramark Correctional Services, LLC, 2018 WL 3854143 *4 (6th Cir. 3/19/2018).

Plaintiff's complaint also fails to state a cause of action against defendants Hitchcock and Hollingshead because the complaint fails to describe what actions they took which caused them to be personally involved in the alleged constitutional violation.[6]  The complaint only asserts that they are Aramark

---

[6] Plaintiff filed a pleading in state court seeking to add Warren Tucker, an Aramark employee, as a defendant.  Doc. No. 3, p. 67.  Plaintiff alleges that Tucker instructed inmate employees on February 28, 2021 to serve less than the

supervisors.  Personal participation in a constitutional violation is essential for individual liability under § 1983.  Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).  Liability may not be based upon a defendant's supervisory position unless there is some "affirmative link" between the constitutional deprivation and the supervisor's exercise of control or direction or his failure to supervise.  Id.  The complaint does not make that affirmative link.

Defendant Kansas Department of Corrections should be dismissed as well from any § 1983 claim because in Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989), the Supreme Court held that a State and "arms of the State", such as state agencies, are not "persons" regulated by the provisions of § 1983.  This court has so held in many cases including Thacher v. Warden (lnu), 2021 WL 1293566 *2 (D.Kan. 4/7/2021) and Krebs v. ElDorado Correctional Facility, 2016 WL 8650122 *2 (D.Kan. 1/27/2016).

Finally, to the degree plaintiff seeks to shorten his length of sentence, in general, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Prieser v. Rodriguez, 411 U.S. 475, 488-490 (1973)).  Before a federal court may grant

---

contractually required amount of a food item.  This also fails to describe a plausible constitutional claim.

8

habeas relief, however, a petitioner is required to exhaust state court and state administrative remedies. Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002). To exhaust state court remedies, a petitioner "must have first fairly presented the substance of his federal habeas claim to state courts." Hawkins v. Mullin, 291 F.3d 658, 668 (10th Cir. 2002). Generally, this requires presentation to the highest state court. See Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999). Here, there is no indication that petitioner has presented his claim to any state's highest court. Nor has plaintiff suggested that he has been prevented from applying to a state court for habeas relief.

IV. Conclusion

Upon consideration of the motion to dismiss and the court's own review under § 1915A, it appears that plaintiff has failed to state a federal claim for relief against the named defendants. The court shall grant plaintiff time until May 13, 2021 to show cause why his federal claims should be not dismissed or to file an amended complaint which corrects the deficiencies discussed in this order. Defendants shall have time until May 27, 2021 to respond to plaintiff's response or plaintiff's amended complaint. An amended complaint should be printed on forms supplied by the Clerk of the Court and should not refer back to the original complaint. If the court decides to dismiss plaintiff's federal claims, the court will likely dismiss the remaining state law

claims without prejudice.  See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., 956 F.3d 1228, 1238-39 (10th Cir. 2020)("[t]he Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS SO ORDERED.**

Dated this 13th day of April 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge