IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW CAMPBELL,

          Plaintiff,

vs.                                   Case No. 21-3092-SAC

EVAN HITCHCOCK, et al.,

          Defendants.

**O R D E R**

Plaintiff initiated this action in state court and it was removed to this court. The court entered an order screening the complaint and directed plaintiff to show cause why his federal claims should not be dismissed or file an amended complaint. Doc. No. 13. Plaintiff chose to file an amended complaint. Doc. No. 17. An amended complaint supersedes the original complaint and renders it of no legal effect. <u>Franklin v. Kansas Dept. of Corrections</u>, 160 Fed.Appx. 730, 734 (10th Cir. 2005). Therefore, the court considers the motions to dismiss filed against the original complaint (Doc. Nos. 9 and 12) to be moot.

This order shall screen the amended complaint. In doing so the court has considered the motion to dismiss at Doc. No. 19. The court applies the screening standards set forth in the first screening order. Doc. No. 13, pp. 2-4.

I. The amended complaint

Plaintiff is an inmate at the Lansing Correctional Facility (LCF) and his claims arise from the conditions of his incarceration there. The amended complaint names five defendants: Evan Hitchcock,[1] a supervising manager who works for Aramark Corporation, the food provider at LCF; Rachel Hollingshead, also a supervising manager for Aramark at LCF; Shannon Meyer, warden of LCF; Douglas Burris, an officer of the Kansas Department of Corrections (KDOC); and Warren Tucker, a supervising manager of Aramark. The court notes that Aramark and the Kansas Department of Corrections are not listed as defendants in the amended complaint.

Plaintiff alleges in Count One that defendants Hitchcock, Hollingshead and Tucker violated the contract between Aramark and the KDOC for the provision of food at LCF by serving potato chips (that were past their shelf life) instead of French fries, and turkey ham instead of turkey. In Count Two plaintiff alleges that defendant Hitchcock and Hollingshead violated the contract between Aramark and the KDOC by serving food on October 17, 2020 via a laundry cart with no thermal accommodations. Count Three alleges that plaintiff has not received a minimum of 16 ounces of milk or the nutritional equivalent every day, despite a contractual

---

[1] This appears to be the correct spelling. The name is spelled "Hitchock" in the amended complaint.

requirement that such be served. Count Four claims that defendants Hitchcock, Hollingshead and Tucker violated contractual conditions relating to serving potato chips instead of French fries and serving undersized portions on three or four days in 2020 and 2021. Count Five alleges that defendant Meyer did not investigate these alleged contractual violations when plaintiff brought them to her attention in a grievance. Finally, in Count Six, plaintiff alleges that defendant Burris illegally intercepted mail that plaintiff intended for the Secretary of Corrections.

Plaintiff's amended complaint is presented on forms for bringing an action under 42 U.S.C. § 1983.[2]

III. The amended complaint fails to state a plausible § 1983 claim.

Plaintiff does not allege facts showing that his Eighth Amendment rights have been violated by defendants' alleged misconduct. The scope of the Eighth Amendment is described in the court's first screening order at pp. 6-7. Plaintiff's allegations do not come close to detailing a denial of human necessities in violation of the Eighth Amendment. Even assuming that a contractual provision was broken, that does not by itself raise an Eighth Amendment issue or a constitutional claim. Herrera v. Fields, 182 F.3d 913, 1999 WL 422926 *1 (5th Cir. 1999)(claim of

---

[2] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

3

contract violation does not support § 1983 claim without evidence of constitutional violation); Ramsey v. Board of Education, 844 F.2d 1268, 1273 (6th Cir. 1988)(no federal cause of action lies under § 1983 for an ordinary breach of contract); Percival v. Girard, 692 F.Supp.2d 712, 729 (E.D.Mich. 2010)(mere contract dispute does not give rise to a § 1983 cause of action); Pioneer Natural Resources Co. v. Gatza, 2006 WL 1547310 *4 (D.Colo. 6/2/2006)(simple breach of contract claim does not give rise to a § 1983 claim)(citing cases).

Plaintiff also does not allege facts describing a denial of a constitutional right related to mail delivery. Plaintiff's allegations do not show that his right to petition government, his access to the courts, or his right to free speech have been substantially impinged. He does not assert facts plausibly showing that defendant Burris opened mail from plaintiff that he was not authorized to open by the addressee. Therefore, plaintiff has not stated a cause of action under § 1983 in Count Six. See Williams v. Stoufer, 2009 WL 2730209 *2 (D.Md. 8/24/2009)(occasional incidents of delay or non-delivery do not arise to a constitutional level). Nor does the criminal statute prohibiting mail theft confer a private right of action under § 1983. Ledin v. United States Postal Service, 2018 WL 11242022 *3 (W.D.Mo. 7/16/2018)(mail theft statute confers no private right of action because it is a criminal statute); see also, Perry v. Pringle,

4

2014 WL 129391 *2 (D.Kan. 1/14/2014)(may not bring a civil cause of action based upon the violation of a criminal statute).

IV. Conclusion

For the above-stated reasons, the court finds that the amended complaint fails to state a federal cause of action. To this extent, the motion to dismiss at Doc. No. 19 is granted in part. The court shall refuse to exercise supplemental jurisdiction over any state law claims in the amended complaint; those claims shall be dismissed without prejudice. See Franklin, 160 Fed.Appx. at 736. Because plaintiff's federal claims are dismissed for failure to state a claim and plaintiff's state law claims are dismissed without prejudice, this case shall be closed and the motions at Doc. Nos. 9, 12 and 14 shall be considered moot.

**IT IS SO ORDERED.**

Dated this 22nd of June 2021, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge